# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SHANNON COPELAND,**

    Plaintiff,

vs.                             Case No. 4:18cv140-MW/CAS

**CAPTAIN PARTRIDGE, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed her second amended complaint. ECF No. 28. The second amended complaint [hereinafter "complaint"] has now been reviewed as required by 28 U.S.C. § 1915A. Review reveals that Plaintiff has not corrected the deficiencies which were explained to her in the Order entered on August 28, 2018. ECF No. 18.

First, Plaintiff was advised that she could not challenge the legality of her conviction in this civil rights case. ECF No. 18 at 4. The Order explained that a challenge to one's conviction may only be brought through the filing of a habeas petition, not a civil rights action. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994),

held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Notwithstanding, Plaintiff has continued to assert that she was "wrongfully convicted" and as relief, she appears to request that her 3.850/3.800 motions be filed.  ECF No. 28 at 9.  The attachments Plaintiff submitted with her complaint demonstrate that Plaintiff has not yet had her conviction reversed or otherwise invalidated.  Because this civil rights case cannot provide that relief, nor can it be used to challenge any of Plaintiff's convictions, the complaint is insufficient as a matter of law.

Second, Plaintiff has attempted to assert a claim for abuse by jail officials.  However, her complaint reveals that the alleged abuse occurred in 2007.  ECF No. 28 at 7, 8.  Such events may not be litigated in this case as  a federal § 1983 claim must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Because Plaintiff's treatment by jail officials occurred more than fours years prior to the commencement of this case, those claims are barred and cannot proceed in this case.

In general, Plaintiff's complaint includes a litany of grievances against persons for not investigating her complaints or responding to her correspondence. ECF No. 28 at 7. Those allegations are insufficient to demonstrate the violation of a federal constitutional right. Furthermore, Plaintiff's claim that her 3.850 and 3.800 motions were never filed by the Liberty County Clerk of Court cannot proceed because Plaintiff has not alleged facts which identify any specific person who denied her access to court. Additionally, as noted above, Plaintiff cannot use this civil rights action as a basis to challenge "an excessive sentence" or "wrongful convictions that stemmed from a report falsified by corrupt law enforcement." *Id.* at 8.

Plaintiff's assertions in this case are vague, conclusory, and unsupported by specific facts. This is a "shotgun" pleading which does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. That rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations

omitted) (quoted in LaCroix v. W. Dist. of Kentucky, 627 F. App'x 816, 818 (11th Cir. 2015), *cert. dismissed sub nom.* LaCroix v. U.S. Dist. Court for W. Dist. of Kentucky, 136 S. Ct. 996, 194 L. Ed. 2d 2 (2016)). "Further, the allegations in the complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' FED. R. CIV. P. 10(b)." 627 F. App'x at 818. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' - does not comply with the standards of Rules 8(a) and 10(b)." *Id.* (quoting Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). Plaintiff's complaint is a shotgun pleading and is insufficient.

Plaintiff has already been given numerous opportunities to submit a viable complaint, *see* ECF Nos. 14, 18, 20, 24, and 27, and she was informed of the claims which cannot be litigated in this case. Despite that guidance, Plaintiff has continued to pursue claims which are time barred and barred by Heck. Because further opportunities to submit an amended complaint do not appear beneficial, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

Case No. 4:18cv140-MW/CAS

As an additional reason supporting the recommendation to dismiss this case, Plaintiff has not honestly disclosed her prior litigation history. This case was initiated in February 2018, ECF Nos. 1-2, and transferred to this Court from the Middle District of Florida. Plaintiff was not granted in forma pauperis status until June 2018. ECF No. 15. Her initial complaint suggested that she had filed just two prior federal cases, although she did not clearly identify those cases. ECF No. 1 at 3-4. Plaintiff also declared that she had not had any case dismissed as frivolous, malicious, failing to state a claim, or prior to service. ECF No. 1 at 3-4. That was not true.

Judicial notice is taken that Plaintiff initiated case number 5:15cv568-WTH-PRL in the Middle District of Florida. It was dismissed in July 2016 for failure to prosecute and to comply with court orders. ECF No. 33 of that case. It appears that Plaintiff has filed an appeal in that case which is still pending. Because that case was dismissed prior to this case being filed, it should have been disclosed. Similarly, Plaintiff initiated case number 5:16cv689-WTH-PRL in the Middle District of Florida. It was also dismissed sua sponte because Plaintiff did not submit an in forma pauperis motion or pay the filing fee. ECF No. 3 of that case. Her appeal of that dismissal was likewise dismissed for failure to prosecute. Another case

was initiated by Plaintiff on February 14, 2018, and dismissed in late March 2018 because Plaintiff did not pay the filing fee or submit an in forma pauperis motion. *See* case # 5:18cv85-WTH-PRL. All of those prior cases should have been disclosed in the initial complaint.

More problematic for Plaintiff, however, is the fact that by the time she filed her second amended complaint, ECF No. 28, in this case on April 24, 2019, she had accumulated additional dismissals which were not disclosed. These are pointed out[1] for Plaintiff's benefit should she continue to file cases in federal court. First, Plaintiff had been litigating case number 9:18cv80361-KAM in the Southern District of Florida. Her case was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on July 16, 2018. Second, Plaintiff previously filed case number 5:18cv83-WTH-PRL in the Middle District of Florida. It was dismissed on March 20, 2018, for failure to state a claim, because Defendants were entitled to immunity, and because her request for relief was barred by Heck. ECF No. 3 of that case. A third relevant dismissal is from case number 5:17cv246-PGB-PRL which Plaintiff filed in the Middle

---

[1] It is also evident that Plaintiff's failure to disclose her prior cases is not accidental or a one time event. Plaintiff has a history of intentionally omitting her litigation history.

Case No. 4:18cv140-MW/CAS

District of Florida.  It was also recently dismissed for failure to state a claim on February 14, 2019.  ECF No. 86 of that case.  Those three prior dismissals should have been disclosed by Plaintiff in her second amended complaint.

Review of Plaintiff's litigation history reveals that she has already had cases dismissed for abuse of the judicial process by failing to acknowledge her prior cases.  *See* ECF No. 6 of case # 1:18cv24940-JEM; case # 5:18cv239-WTH-PRL.  She has also been made aware that she has more than three "strikes" under 28 U.S.C. § 1915(g) and is no longer entitled to proceed with in forma pauperis status except where Plaintiff faces imminent danger of serious physical injury.  *Id.*  Having already been advised of her obligation to disclose these cases, Plaintiff's lack of candor cannot be permitted to continue.  Even if Plaintiff's second amended complaint sufficiently state a claim, and it does not, this case should be dismissed as an abuse of the judicial process.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 28, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**